UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES C. MILLER, )<br>)<br>　　　　Petitioner, )<br>)<br>　　v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>　　　　Respondent. )<br>_____) | CASE NO.　C05-735JCC-MJB<br>　　　　　　(CR97-51JCC)<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution at Lompoc, California. He brings this action to challenge the validity of the sentence imposed following his 1998 convictions on bank and mail fraud charges. Petitioner commenced this action in the United States District Court for the Central District of California as a petition for writ of habeas corpus under 28 U.S.C. § 2241. That court determined that petitioner's challenge to the validity of his sentence must proceed as a motion under 28 U.S.C. § 2255, and transferred the action to this Court. The government has filed a response raising the statute of limitations as a bar to the Court's consideration of petitioner's motion. Because the government is correct in its argument, petitioner's motion should be dismissed as untimely.

## PROCEDURAL HISTORY

On September 23, 1997, petitioner was found guilty, following a jury trial, on bank and mail

REPORT AND RECOMMENDATION
PAGE 1

1  fraud charges. (*See* CR97-51JCC, Dkt. Nos. 315 and 316.) On February 27, 1998, petitioner was
2  sentenced to a term of 148 months imprisonment. (*Id.*, Dkt. No. 419.) Petitioner appealed his
3  convictions and sentence to the Ninth Circuit Court of Appeals. *See United States v. Christenson, et
4  al.*, 188 F.3d 515 (1999). On August 12, 1999, the Ninth Circuit issued an unpublished opinion in
5  which it affirmed petitioner's convictions but remanded his case for re-sentencing. (*Id.*) Petitioner
6  was re-sentenced on November 12, 1999, to a term of 121 months imprisonment. (*Id.*, Dkt. Nos. 548
7  and 549.)

8  Petitioner appealed his new sentence to the Ninth Circuit Court of Appeals. Petitioner argued
9  on appeal that the sentencing court erred when it imposed a two-level enhancement for obstruction of
10  justice. *See United States v. Miller*, 6 Fed. Appx. 613 (9th Cir. 2001). The Court of Appeals affirmed
11  petitioner's sentence on March 13, 2001. *Id.*

12  Petitioner filed his petition for writ of habeas corpus in the United States District Court for the
13  Central District of California on March 31, 2005. As noted above, petitioner asserted in his petition
14  that his challenge to the validity of his sentence was being made pursuant to 28 U.S.C. § 2241.
15  However, the Honorable Dickran Tevrizian, United States District Judge for the Central District of
16  California, determined that petitioner's challenge must be construed as a motion made in petitioner's
17  underlying criminal action and ordered the action transferred to this Court for further consideration.
18  (*See* Dkt. No. 5.) The action was received by this Court on April 18, 2005, and petitioner's motion
19  papers were thereafter ordered served on the government. (*See* Dkt. Nos. 5 and 10.) The government
20  filed its response to petitioner's motion on May 27, 2005. (Dkt. No. 12.) Petitioner has not filed a
21  reply.

REPORT AND RECOMMENDATION
PAGE 2

## DISCUSSION

Petitioner, in his motion papers, seeks to challenge the validity of the sentence imposed by the Honorable John C. Coughenour, United States District Judge, following petitioner's conviction on bank and mail fraud charges. While petitioner's arguments are not presented in a particularly coherent fashion, this Court concurs with the government that petitioner appears to be challenging Judge Coughenour's assessment of a two-level sentencing enhancement for obstruction of justice on the grounds that recent Supreme Court ruling require factual findings supporting such enhancements to be made by a jury. *See United States v. Booker*, 125 S. Ct. 738 (2005).

In its response, the government argues first that petitioner's motion is untimely because it was filed more than four years after petitioner's conviction became final. The government also argues that there is no merit to petitioner's claim because *Booker* should not be applied retroactively. The government is correct on both counts.

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This one-year statute of limitations begins to run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A review of the record makes clear that petitioner filed the instant § 2255 motion well over one year after his conviction became final. Thus, petitioner's motion can only be deemed timely if one

REPORT AND RECOMMENDATION
PAGE 3

of the other provisions set forth above applies in the circumstances of petitioner's case. Because petitioner's claims appear to arise out of the Supreme Court's decision in *Booker*, this Court looks to subsection (3), as set forth above, which is effectively an exception to the general one-year limit set forth in subsection (1). This exception essentially has two conditions that must be satisfied before it applies. First, petitioner must show that he filed the § 2255 motion within one year from the date that the Supreme Court announced any "newly recognized" rights that are the basis of the motion. Second, petitioner must show that the Supreme Court made these rights "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

It is undisputed that the Supreme Court decided *Booker* less than one year from the date that petitioner filed the instant § 2255 motion. However, the Supreme Court has been silent as to whether *Booker* applies retroactively. The Ninth Circuit – and all other circuit courts that have considered the question – has held that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Cruz*, __F.3d__, Case No. 03-35873 (9th Cir. September 16, 2005). Petitioner therefore fails to satisfy the requirements of subsection (3) and, thus, his § 2255 motion must be deemed untimely.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, is barred by the applicable statute of limitations and should be dismissed. A proposed order is attached to this Report and Recommendation.

DATED this 18th day of October, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 4